UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILING FEE PAID:
RECEIPT # 404280
AMOUNT $ 5.00
BY DPTY CLK K/L
DATE 3/11/04

KARAMJEET S. PAUL,          )
                           )
          Petitioner        )
                           )
vs.                         )          CIVIL ACTION No.
                           )
DAVID L. WINN, Warden       )
Federal Medical Center,     )
Devens,                     )
                           )          **04-40037**
          Respondent.       )
_____ )

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
## 28 USC §2241

### THE PARTIES

1.    The Petitioner is a citizen of the State of Connecticut, presently being held in incarceration at the Federal Medical Center, Devens Camp ("FMC Devens Camp") in Ayer, Massachusetts.

2.    The Respondent is the Warden of the FMC Devens Camp and is the proper party to this 28 USC §2241 habeas corpus action.

### JURISDICTION AND VENUE

3.    The jurisdiction of this Court is founded under the provisions of 28 USC §2241.

4.    Venue of this Court is founded under 28 USC §1391(e).

### STATEMENT OF THE CASE

5.    The Petitioner seeks the Court to enjoin the Respondent from limiting the Community Corrections Center ("CCC" or "Halfway House") eligibilty of the Petitioner as per the policy set forth in a Memorandum dated

-1-

December 20, 2002 (the "12/20/02 Memorandum").  The Petitioner also seeks

the Court to direct the Respondent to grant to the Petitioner, as he would

have received, placement in CCC six (6) months prior to his statutory release

date before being allowed during the last ten (10) percent of his term to

be placed in home confinement.

     The 12/20/02 Memorandum contains a directive to the Respondent which

has the effect of changing the date on which the Petitioner would become

eligible for consideration for transfer to a CCC from at least as early

as August 11,2004 (six months before his Projected Release Date of

February 11, 2005) to a date no earlier than November 25, 2004 (his Projected

Statutory Release Date less ten percent (10%) of his sentence to be served).

The Petitioner asserts that such a change is based upon an erroneous inter-

pretation of law applied to a very well-established policy.  The Petitioner

also asserts that the change was implemented without compliance with the

notice and comment requirements pursuant to 5 USC §553 (the "Administrative

Procedure Act" or "APA").  The Petitioner also asserts that such a change

would violate the Petitioner's rights not to be subject to an ex post facto

application of law in violation of Article 1, Section 9, Clause 3 of the

Constitution and not to be deprived of liberty or property without due process

of law in violation of Article V of the Amendment to the Constitution.

## THE FACTS

6.    On November 6, 2002, the Petitioner was sentenced by the United States District Court for the Northern District of Ohio to a term of confinement of thirty (30) months.

7.    On December 10, 2002, the Petitioner reported to the correctional facility designated by the Bureau of Prisons ("BOP"), the FMC Devens Camp in Ayer, Massachusetts, and commenced his sentence.

8.    On December 10, 2002 and again in January 2003, the Respondent caused to be issued to the Petitioner an Admissions and Orientation Inmate Handbook (Revised: January 1, 2002) ("A&O Handbook"), which contained on Page 25, the following:

"<u>RELEASE</u>

> ...
> Community Corrections Center ("Halfway House"): The purpose of a Community Corrections Center (CCC) is to provide inmates a positive transition from the Institution to a community based correctional setting and to final release.  The length of stay in a center is determined by individual needs, availability of services in conjunction with institutional adjustment and instant offense behavior.  Placement in a CCC facility will generally range between thirty (30) and one hundred eighty (180) days. The exact range of a placement is determined on a case by case basis.
> ..."

Upon information and belief, A&O Handbooks containing the "Release" statement quoted above are being issued to new inmates at FMC Devens Camp at least as of the date of filing of this Petition.

9.    On December 10, 2002, and upon information and belief, continuously until at least the date of filing of this Petition, the BOP had in effect "Program Statement Number 7310.04, Date: 12/16/98, SUBJECT: Community

-3-

Corrections Center (CCC) Utilization and Transfer Procedure" ("PS 7310").

PS 7310 states the following in Section 5, Pages 3 and 4:

> "5.  STATUTORY AUTHORITY.  18 USC §3624(c)  provides:

> 'The Bureau of Prisons shall, to the extent practicable, assure
> that a prisoner serving a term of imprisonment spends a reason-
> able part, not to exceed six months, of the last ten percent
> of the term to be served under conditions that will afford the
> prisoner a reasonable opportunity to adjust to and prepare for
> the prisoner's reentry into the community.  The authority pro-
> vided by this subsection may be used to place a prisoner in home
> confinement.  The United States Probation Office shall, to the
> extent practicable, offer assistance to a prisoner during such
> pre-release custody.'

> 18 USC §3621 (b) provides:

> 'The Bureau of Prisons shall designate the place of the prisoner's
> imprisonment.  The bureau may designate any available penal or
> correctional facility ... the Bureau determines to be appropriate
> and suitable.'  A CCC meets the definition of a 'penal or correc-
> tional facility.'

> Therefore, the Bureau is not restricted by §3624(c) in designating
> a CCC for an inmate and may place an inmate in a CCC for more
> than the 'last ten per centum of the term,' or more than six
> months, if appropriate.  (Emphasis supplied).

> Section 3624(c) however does restrict the Bureau in placing
> inmates on home confinement to the last six months or (10%) of
> the sentence, whichever is less."

10.  Upon information and belief, until directed by the 12/20/02 Memo-
randum, the FMC Devens Camp, of which the Respondent is the Warden, had
consistently recommended "most inmates ... for a six month placement at
a CCC ..." (as recited by Nancy Patterson, Unit Manager, FMC Devens Camp,
in her Declaration of September 15, 2003 in the case entitled Goldings v.
Winn, District Court for the District of Massachusetts No. 03-40161-WGY

-4-

dent's reply to the BP-9.

17.    Upon information and belief, citing the 12/20/02 Memorandum,
all of the BP-9, BP-10 and BP-11's filed since December 2002, by other
inmates, asking for six-month CCC designations have been rejected/denied.

18.    Anticipating denial/rejection of his BP-9 filed on January 30,
2004, the Petitioner plans to file a timely Regional Administrative Remedy
Appeal (a so-called "BP-10") addressed to the BOP's Regional Director pursuant
to 28 CFR §542.10-§542.19.

19.    Anticipating denial/rejection of his BP-10, the Petitioner plans
to file a timely Central Office Administrative Appeal (BP-11) addressed to
the General Counsel of the BOP pursuant to 28 CFR §542.10-§542.19.

## CAUSES OF ACTION

### Erroneous Interpretations

20.    The Petitioner alleges that the 12/20/02 Memorandum is based
upon erroneous interpretations of 18 USC §3621 and §3624 in relation to the
transfer of inmates to a CCC and the designation of CCC as a penal or correc-
tional facility.  The "...BOP's new interpretation of the relevant statutes
is contrary to a plain reading of the statutes, inconsistent with the prior
rational interpretations of the statute propounded by both the BOP and OLC,
and not supported by the legislative history surrounding the enactment of
the statutes in 1984."  Zucker v. Menifee No. 03Civ 10077(RJH) (S.D.N.Y.
Jan. 21, 2004).  See Monahan v. Winn, 276 F. Supp. 2d 196 (D. Mass. 2003);
Greenfield v. Menifee, No. 03Civ.8205 (Wood, J.) (S.D.N.Y. Oct. 31, 2003);

Cato v. Menifee, No. 03Civ.5795, 2003 WL22725524 (Chin, J.) (S.D.N.Y.

Nov. 20,2003); Iacaboni v. United States, 251 F. Supp. 2d 1015 (D.Mass.2003);

Ferguson v. Ashcroft, 248 F. Supp. 2d 547 (M.D.La 2003).

**Failure to Meet the APA Requirements**

    21.   The BOP Program Statement No. 7310.04, in effect continuously

since 12/16/98 until at least the date of filing of this petition, clearly

articulates that the BOP was not restricted by 18 USC §3624(c) in placing

an inmate at a CCC for a period in excess of the last ten (10) percent of

his/her custodial term, and more than six (6) months if appropriate.

    22.   Upon information and belief, until directed by the 12/20/02 Memorandum,

the FMC Devens Camp, of which the Respondent is the Warden, had consistently

recommended most inmates for a six-month placement at a CCC.

    23.   The 12/20/02 Memorandum's directives mark a significant change

from the long-established transfer-to-CCC policy.

    24.   The U.S. Supreme Court has held that the rule-making provisions

of the APA do apply when an agency adopts a new position inconsistent with

any of the agency's existing regulations.

    25.   The BOP's new rule, outlined in the 12/20/02 Memorandum, is invalid

because the rule-making notice and comment requirements of the APA 5 USC

§§551, et. esq., were not followed.  See Hurt v. Federal Bureau of Prisons,

No. 5:03-CV-265-4 (DF) (M.D.GA Aug. 29,2003); Culter v. United States,

241 F. Supp. 2d 19 (D.D.C. 2003); Monahan v. Winn, 276 F. Supp. 2d 196 (D.Mass

2003); Greenfield v. Menifee, No. 03Civ.8205 (Wood, J.)(S.D.N.Y. Oct. 31,

2003); Iacaboni v. United States, 251 F. Supp. 2d 1015 (D.Mass 2003).

-8-

**Violations of the Constitutional Rights**

26.    The BOP's new rule, outlined in 12/20/02 Memorandum, is being
applied to the Petitioner retroactively and is therefore in violation of
the Petitioner's rights under the ex post facto and due process clauses of
the U.S. Constitution Article I §9, cl.3.   See Monahan v. Winn, 276 F.Supp.
2d 196 (D.Mass. 2003); Culter v. United States, 241 F.Supp. 2d 19 (D.D.C.
2003); Iacaboni v. United States, 251 F.Supp. 2d 1015 (D.Mass. 2003).

27.    Upon information and belief, absent the 12/20/02 Memorandum,
the Petitioner would have been eligible under the established BOP policy
and practice at FMC Devens Camp for transfer to a CCC six months prior to
his Statutory Release Date of February 11, 2005, and under an appropriate
exercise of discretion, unconstrained by the erroneous and invalid limita-
tions imposed by the 12/20/02 Memorandum, the Petitioner would likey be approved
for six months CCC placement prior to being allowed to be placed in home
confinement during the last ten (10) percent of his term beginning on November
25, 2004.

28.    The Petitioner and his family will suffer irreparable injury
if the injunctive relief is denied and the erroneous limitation dictated
by the 12/20/02 Memorandum is imposed.   Prior to the beginning of his sentence
on December 10, 2002, the Petitioner had established a marketing consulting
practice which he suspended to serve his incarceration.   The Petitioner has
had plans, at the earliest possible time, to restart his consulting practice,
which takes time to establish (as contacts must be reestablished and potential

-9-

client relationships developed), while being employed simultaneously, and aid towards maintenance and advancement of his family, business and societal responsibilities. To the extent the erroneous limitation of the 12/20/02 Memorandum delays his return to restart his consulting practice, the Petitioner and his family would suffer harm that can not be repaired and recouped.

29.    Even though he is pursuing relief through the BOP's administrative remedy program, the Petitioner claims that these efforts will be futile because all those who will be responding to the Petitioner's appeal through the administrative remedy program are required to follow the limitations imposed by the 12/20/02 Memorandum. Upon information and belief, the authority to withdraw or invalidate the 12/20/02 Memorandum is vested in officers and employees beyond the highest level (BOP's General Counsel) of administrative appeal available to the Petitioner. Therefore, unless the 12/20/02 Memorandum is withdrawn by the BOP, seeking relief through the administrative remedy program is an exercise in futility.

30.    Since the Petitioner has no adequate remedy at law for damages, only the relief requested in this Petition granted by this Court can address this conflict.

## STATEMENT OF THE APPLICABILITY OF HABEAS RELIEF
## PURSUANT TO 28 USC §2241 TO THE INSTANT CASE AT BAR

31.    The Petitioner is seeking habeas relief pursuant to 28 USC §2241,
which typically challenges the execution of a federal prisoner's sentence,
"including such matters as the administration of parole, computation of a
prisoner's sentence by prison officials, prison disciplinary actions, prison
transfers, type of detention and prison conditions." Jiminian v. Nash, 245
F3d 144, 146 (2nd Cir. 2001); see also Kingsley v. Bureau of Prisons, 937
F2d 26, 30 (2nd Cir. 1991) ("Challenges to the length, appropriateness or
conditions of confinement are properly brought under 28 USC §2241").
Several petitions challenging the new BOP policy have been brought under
this section. Monahan v. Winn, 276 F. Supp. 2d 196, 203 (D.Mass. 2003);
Zucker v. Menifee, No. 03Civ. 10077 (RJH) (S.D.N.Y. Jan. 21, 2004);
Greenfield v. Menifee, No. 03Civ. 8205 (Wood, J.) (S.D.N.Y. Oct. 31, 2003);
Hurt v. Federal Bureau of Prisons, No. 5:03-CV-265-4 (DF) (M.D.GA Aug. 29,
2003).

-11-

## RELIEF REQUESTED

**WHEREFORE,** the Petitioner prays:

1.    That the Court order an immediate hearing on this request for a Writ of Habeas Corpus under the authority recited in 28 USC §2241.

2.    That the Court declare the CCC policy dictated by the 12/20/02 Memorandum to be invalid.

3.    That the Court enjoin the Respondent, his agents, employees and attorneys from limiting the CCC eligibility of the Petitioner to ten (10) percent of his sentence based upon the 12/13/02 Opinion and as dictated by the 12/20/02 Memorandum.

4.    That the Court direct the Respondent to grant to the Petitioner, as he would have received, placement in CCC six (6) months prior to his Statutory Release Date of February 11, 2005 before being allowed during the last ten (10) percent of his term to be placed in home confinement.

5.    That, in light of the short time between the Court's anticipated decision and August 11, 2004, the Court direct the BOP to review immediately, on an expedited basis, the Petitioner's CCC status applying the pre-December 2002 criteria without consideration of the policy stated in the 12/20/02 Memorandum.

6.    That the Court direct the Respondent to implement its CCC decision as applicable to the Petitioner without delay to enable the Petitioner to have the full benefit of this relief.

7.    Any other further relief that the Court may determine to be

necessary and proper and which justice may require under the circumstances.


Dated: March 2, 2004                                    RESPECTFULLY SUBMITTED,


                                                        KSPaul
                                                        _____
                                                        KARAMJEET S. PAUL, Pro Se
                                                        38516-060  Unit I
                                                        Federal Medical Center Devens
                                                        P.O. Box 879
                                                        Ayer, MA 01432


                            **VERIFICATION**

I, KARAMJEET S. PAUL, do hereby certify that all of the facts and

circumstances as stated by me in the instant Petition are based upon

information and belief, and are true and correct to the best of my knowledge.

Dated: March 2, 2004                                    RESPECTFULLY SUBMITTED,


                                                        KSPaul
                                                        _____
                                                        KARAMJEET S. PAUL, Pro Se
                                                        38516-060  Unit I
                                                        Federal Medical Center Devens
                                                        P.O. Box 879
                                                        Ayer, MA 01432


                            -13-

14 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required
:ept as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the
lerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| KARAMJEET S. PAUL | DAVID L. WINN |
| 38516-060 UNIT I (CAMP) | WARDEN FMC DEVENS |
| FEDERAL MEDICAL CENTER P.O. BOX 879 | P.O. BOX 880 |
| | AYER MA. 01432 WORCESTER |

:ounty of Residence of ~~First Listed~~ AYER MA. 01432 WORCESTER
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed AYER MA. 01432 WORCESTER
(IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

# 04-40037

Attorney's (Firm Name, Address, and Telephone Number)

PLAINTIFF IS PRO SE

Attorneys (If Known) MICHAEL SULLIVAN
U.S. ATTORNEY DIST. OF MASSACHUSETTS
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA. 02210

## SIS OF JURISDICTION    (Place an "X" in One Box Only)

S. Government
Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

XXX  S. Government
Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties
       in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant

| | PLF | DEF | | | |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 |

## ATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| surance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| :arine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| :iller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| egotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/. |
| ecovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced a |
| ledicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ecovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| tudent Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commoditie |
| 'xcl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ecovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| f Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| :ockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| 'ther Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
| ontract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **:AL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| .and Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| 'oreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | | Determination Under |
| 'orts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Equal Access to Justic |
| 'ort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | ☐ 950 Constitutionality of |
| .ll Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Action |
| | | ☒ 555 Prison Condition | | 26 USC 7609 | |

## RIGIN    (PLACE AN "X" IN ONE BOX ONLY)

XX  riginal
     roceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated
       or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

DAVID Multidistrict
       Litigation

☐ 7  Appeal to Di
       Judge from
       Magistrate
       Judgment

## AUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)    PETITION FOR WRIT OF HABEAS CORPUS BROUGHT
PURSUANT TO 28 USC § 2241

| REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint JURY DEMAND: ☐ Yes ☐ No |
|---|---|---|---|

RELATED CASE(S)
IF ANY    (See instructions):    JUDGE _____    DOCKET NUMBER _____

SIGNATURE OF ~~ATTORNEY~~ OF RECORD
KBPaul    Plaintiff

'FICE USE ONLY

PT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 - 40037**

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) ___ KARAMJEET S. PAUL v. DAVID L. WINN

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    XXX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
    HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    **THERE ARE NO RELATED CASES**

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?
                                                        YES          NO **NO**

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                        YES          NO     **NO**
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    **NOT APPLICABLE**                                  YES          NO

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC §2284?
                                                        YES          NO **NO**

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
    COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
    SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        YES          NO **NO**

         A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

    XXXXXX   EASTERN DIVISION            CENTRAL DIVISION             WESTERN DIVISION
             **NOT APPLICABLE**
         B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
             GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

             EASTERN DIVISION            CENTRAL DIVISION             WESTERN DIVISION
             **EASTERN DIVISION**
(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___ **KARAMJEET S. PAUL**
**PLAINTIFF'S**
ADDRESS _____ **38516-060   UNIT I (CAMP)**
                **FEDERAL MEDICAL CENTER, DEVENS   P.O. BOX 879**
TELEPHONE NO. _____ **AYER, MASSACHUSETTS 01432**

(Cover sheet local.wpd - 11/27/00)