UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARAMJEET S. PAUL,<br><br>   Petitioner<br><br>vs.<br><br>DAVID L. WINN, Warden<br>Federal Medical Center,<br>Devens,<br><br>   Respondent | Civil Action No. 04-40037-RCL |

**MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION,
DUE TO EXIGENT CIRCUMSTANCES,
TO (i) ENJOIN THE RESPONDENT FROM CONTINUING TO APPLY
THE 12/20/02 POLICY AND (ii) DIRECT THE RESPONDENT TO APPLY
THE PRE-12/20/02 POLICY AND PRACTICE TO THE PETITIONER'S CCC PLACEMENT**

**SUMMARY**

  The Petitioner will suffer irreparable harm from the continued application of the BOP's 12/20/02 Policy. The Petitioner asserts that this Policy is invalid on several grounds, as supported by case law from numerous courts across the country. The Petitioner is seeking a TRO and a preliminary injunction because of exigent conditions, and believes that, as shown below, this Motion meets the requirements for injunctive relief.

**JURISDICTION**

  The jurisdiction of this Court is founded under the provisions of 28 USC §2241 and §1651, and F.R.Civ.P. Rule 65 made applicable through Rule 12 of the rules covering habeas proceedings.

  Relying on these provisions, several courts have given injunctive relief to similarly-situated petitioners in districts across the country. See Colton v Ashcroft, et al, 299 F.Supp. 2d 681 (E.D.Ky 2004)

-1-

Zeigler v Ashcroft, et al, Civil No. WMN-04-719 (D.Md. 2004); Zucker v Menifee, 2004 WL 102779 (S.D.N.Y. 2004); Monahan v Winn, 276 F.Supp. 2d 196 (D.Mass. 2003); Iacaboni v United States of America, 251 F.Supp. 2d 1015 (D.Mass. 2003); Tipton v Federal Bureau of Prisons, 266 F.Supp. 2d 633 (D.Md. 2003); Hurt v Federal Bureau of Prisons, 5:03-cv-265-4(DF) (M.D.Ga. Aug. 29, 2003); Byrd v Moore, 252 F.Supp. 2d 293 (W.D.NC 2003).

**STATEMENT SUPPORTING THE MOTION**

_Exigent Circumstances_  The Petitioner is currently serving a 30-month prison sentence which began on December 10, 2002. His statutory release date, through good credit time, is February 11, 2005. On August 11, 2004, the Petitioner reaches his "6-Month Date" (6 months before the statutory release date). Under the CCC policy in place when he began serving his sentence, the Petitioner would be eligible for transfer to a CCC on August 11, 2004. Applying a new Policy implemented by the BOP on December 20, 2002 ("12/20/02 Policy"), the Petitioner has been told that he will be transferred to the Hartford CCC on December 14, 2004 -- a delay of 125 days. Unless corrected immediately, on August 11, 2004, the Petitioner begins to lose irretrievably the effect of any relief granted under his §2241 habeas corpus petition of March 10, 2004, with irreparable harm accumulating each day.

Given that the implementation of a Court decision in the Petitioner's favor will take time for the BOP to process, and August 11, 2004 is only 16 days away from the date of this Motion, time is of the essence and an immediate action by the Court is requested.

_Status of the Petitioner's §2241 Habeas Corpus Action._  The Petitioner incorporates by reference* his "Petition For Writ Of Habeas

---

* See page 3 for footnote.

Corpus Pursuant To 28 USC §2241" (Docket item No. 1) ("the Petition"), filed on March 10, 2004. On May 24, 2004, the Respondent filed a Motion To Dismiss the Petition. On June 10, 2004, the Petitioner filed his opposition to the Respondent's Motion To Dismiss. Asserting Rule 56(a), on June 10, 2004, the Petitioner also filed a Motion For Summary Judgment, which is pending, and without an expeditious action -- such as the TRO and preliminary injunction requested in this Motion -- will become moot.

The Petitioner has already completed all the steps in the BOP's administrative remedy process in relation to his CCC placement and has been denied relief.

Requirements For Injunctive Relief. The Petitioner realizes that the requirements for injunctive relief are understandably high. He believes this Motion meets all of the following requirements:

A. There is a high probability of success in demonstrating to the Court that the 12/20/02 Policy is invalid.

B. The Petitioner and his family will suffer irreparable harm if the injunction is not granted.

C. Harm to the Petitioner far outweighs any possible harm to the Respondent.

D. The injunction will not be adverse to and will, in fact, be supportive of the public interest.

A. *There is high probability of success in demonstrating to the Court that the 12/20/02 Policy is invalid.*

The Petitioner incorporates by reference*"PETITIONER'S OPPOSITION AND MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS AND TO

---

\* The Petitioner is not able to obtain copies of the Petition and the Petitioner's Memorandum due to the need to file this Motion quickly. Therefore, he has, respectfully, incorporated them here by reference.

-3-

MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION TO DISMISS" (Docket item No. 9) ("Petitioner's Memorandum"). In addition, he summarizes his argument, supported by the weight of the analyses and case law, as follows:

* The 12/20/02 Policy is an erroneous interpretation of the law.
* The implementation of the 12/20/02 Policy violated the APA 5 USC §551 and §553.
* The retroactive implementation of the 12/20/02 Policy violated the <u>ex post facto</u> and due process clauses of the Constitution.

Based upon the analysis summarized and the decisions cited in the Petitioner's Memorandum, along with several additional decisions by courts across the country becoming known since the date of the Petitioner's Memorandum, the Petitioner has a high probability of success in pursuing his March 10, 2004 habeas corpus motion.

B. <u>The Petitioner and his family will suffer irreparable harm if the injunction is not granted.</u>

Personal and Emotional Hardship: The Petitioner has always been an important figure in his family's life. Prior to his incarceration, he was highly involved -- particularly with his children -- in their every day life. Since being incarcerated at FMC Devens, his teen-age children have been able to visit him only approximately once a month because of their school activities and his wife's employment needs combined with the distance between FMC Devens and the family's residence. This has already taken a toll on each member of the family as it does for any inmate's family. A transfer to the Hartford CCC will place the Petitioner much closer to the family where more frequent visits -- particularly for his

-4-

teen-age children -- are possible.

Not being able to spend additional time with his family and children and the continuance of the personal and emotional hardship for the Petitioner and his family as a result of the denial of this injunction against an invalid policy can not be remedied once suffered.

Financial Hardship: The Petitioner has always been the primary bread winner of his family. Even though his wife has gone back to employment since the Petitioner's incarceration, because of the need to tend to their children she is able to work only part time. This has resulted in a significant hardship since December 2002. Delaying Petitioner's transfer to a CCC and thus his gainful employment, if this injunction against an invalid policy is not granted, will only add to the hardship and cause the Petitioner and his family incremental irreparable financial harm.

Prior to beginning his sentence on December 10, 2002, the Petitioner had established a marketing consulting practice which he ceased in order to serve his incarceration. The Petitioner has had plans to restart, at the earliest possible time, his consulting practice, which takes time (several months) to establish as contacts must be reestablished and potential client relationships developed. The Petitioner has all along planned to begin networking and making contacts with potential clients during his CCC stay. To the extent his transfer to a CCC is postponed, his attempt to restart his consulting practice (his long-term objective) will be delayed. Denial of this injunction against the continued application of an invalid policy will result in incremental harm to the Petitioner's long-term plans and attempt to reestablish his career for which there is no remedy.

C. <u>Harm to the Petitioner far outweighs any possible harm to the Respondent.</u>

The harm suffered by the Petitioner, as outlined above, if the injunction is denied will far outweigh any harm caused to the Respondent if the injunction is granted. For example, there is no loss for the Respondent that is comparable to the personal and emotional loss suffered by the Petitioner's family and particularly for his teen-age children.

By granting the injunction, the Court is not supplanting the Respondent's role in managing FMC Devens. The BOP has already designated the Petitioner for a transfer to the Hartford CCC. The injunction simply orders that the BOP apply the relevant statutes in the same manner in which it had been doing for many years prior to the erroneous 12/20/02 Policy change.

D. <u>The injunction will not be adverse to and will, in fact, be supportive of the public interest.</u>

The injunction supports public interest by making the Petitioner a productive, wage-earning member of the community with stronger ties to a stable family. The public has a strong interest in the goals of our justice system, specifically punishment, deterrence and rehabilitation and in fostering and preserving family relations. As noted by Judge Nickerson in <u>Zeigler</u> "safeguarding constitutional rights, maintaining the integrity of the rule making process, fostering respect for the criminal justice system [and] preserving family unit" are in the public interests. This injunction will serve these public interests.

As shown above, this Motion meets all the requirements for injunctive relief.

**NO NEED FOR SECURITY BOND**

Because of the non-financial issues involved, the Petitioner asserts no need for a security bond.

**RELIEF REQUESTED**

The Petitioner requests:

1. That the Court direct the Respondent to file a response to this Motion within five days of the receipt of the moving papers.
2. That the Court enjoin the Respondent, his agents, employees and attorneys from limiting the CCC eligibility of the Petitioner based upon the 12/20/02 Policy.
3. That, in light of the short time between the Court's anticipated decision and August 11, 2004, the Court direct the BOP to process within ten days the Petitioner's CCC placement applying in good faith, without manipulation, the pre-December 2002 criteria.
4. That the Court direct the Respondent to implement, without delay and without manipulation, its CCC decision as applicable to the Petitioner to enable the Petitioner to have the full benefit of this relief.
5. Any further relief that the Court may determine to be necessary and proper and which justice may require under the circumstances.

July 26, 2004                                RESPECTFULLY SUBMITTED,

K Paul

KARAMJEET S. PAUL, Pro Se
38516-060  Unit I
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432

## AFFIDAVIT OF KARAMJEET S. PAUL VERIFYING HIS MOTION

I, Karamjeet S. Paul, the Petitioner herein, depose and say that the allegations set forth in this Motion are true to my best knowledge and belief.

I swear under the penalties of perjury, pursuant to 28 USC §1746, that the foregoing is true on this 26th day of July 2004.

```
                                    KARAMJEET S. PAUL
                                    38516-060  Unit I
                                    Federal Medical Center, Devens
                                    P.O. Box 879
                                    Ayer, MA 01432
```

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon Anton P. Giedt, Assistant United States Attorney, by my mailing by certified mail, return-receipt requested by depositing a copy thereof in the internal mailing system at Federal Medical Center, Devens Camp, postage prepaid, addressed to the Office of the United States Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 26th day of July 2004.

I swear under the penalties of perjury that the foregoing is true on this 26th day of July 2004.

```
                                    KARAMJEET S. PAUL, Pro Se
                                    38516-060  Unit I
                                    Federal Medical Center, Devens
                                    P.O. Box 879
                                    Ayer, MA 01432
```