UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-40037-RCL

KARAMJEET S. PAUL

Petitioner

v.

DAVID L. WINN

Respondent

REPORT AND RECOMMENDATION
ON PETITION FOR A WRIT OF HABEAS CORPUS

July 29, 2004

COHEN, M.J.

This is a habeas action brought under the provisions of 28 U.S.C. § 2241. At bottom, petitioner, currently a federal prisoner at the FMC-Devens,[1] contends that he is entitled to serve his last six months of his term of imprisonment in a Community Corrections Center. Respondent has moved to dismiss (# 06) for failure to state a claim upon which relief may be granted. That motion to dismiss, in turn, was referred to this court for report and recommendation consistent with the provisions of 28 U.S.C. §

---

[1] Of which David L. Winn is the Warden and the appropriate respondent in this case.

636(b) and Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.

According to the allegations in the petition (# 01), petitioner was of the view when he commenced the service of his 30 month sentence of imprisonment at FMC-Devens[2] that the Warden of FMC-Devens would, consistent with a then extant Bureau of Prisons policy, place petitioner in a Community Corrections Center to serve the last six months of his sentence.  That policy was changed, however, on December 20, 2002 - *i.e.*, ten days after petitioner commenced service of his sentence.  Under the new policy, changed at the urging of the Department of Justice given its [the Department of Justice's] interpretation of the controlling statute (18 U.S.C. § 3264(c)[3]), petitioner would be eligible for placement in a community correction center the last ten percent of his sentence - *i.e.*, the last three months of petitioner's sentence, instead of the last six months, given his term of imprisonment of 30 months.  Petitioner contends that this change in policy was and is unlawful.[4]

This issue was squarely addressed by Judge Lasker of this court in *Kennedy v. Wiinn*, Civil Action No. 03-10568-MEL, Order, 2003 WL 23150108 (D.Mass. July 9,

---

[2] He was convicted in the United States District Court for the Northern District of Ohio on a charge of conspiracy to commit mail fraud.  He started service of his sentence at FMC-Devens on December 10, 2002.

[3] That statute provides in pertinent part:

(c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

[4] Petitioner does not say, and, in this court's view, cannot say, that he relied on the former interpretation of the provisions of 18 U.S.C. § 3264(c) to his detriment.

2003). In that case, Judge Lasker concluded, *inter alia* (*Id.* at *2):

> Kennedy relies on the decisions in this Court by Judge Ponsor in *Frank Iacaboni* v. *U.S.*, 251 F.Supp. 2nd 1015 and *Monahan v. Winn*, 03-CV-40075-NG, by Judge Gertner, which vacated a change of a BOP policy on the grounds that (1) the change in those cases was based on an erroneous interpretation of the controlling statute, (2) the change failed to meet the requirements of the Administrative Procedure Act (APA), and (3) the change could not legally be applied retroactively.
>
> *   *   *   *
>
> However, even if Kennedy is entitled to proceed with the present petition without exhausting administrative remedies, the petition must, nevertheless, be denied.
>
> It is understandable that Kennedy regards the *Iacaboni* and *Maloney* cases as authorities which reasonably dictate that he should be immediately released to Coolidge House. However, as argument by government counsel and Mr. Kennedy, *pro se*, held yesterday established that the controlling statute in the present case is 18 U.S.C. § 3624(c), whereas the controlling statutes dealt with in the *Iacaboni* and *Maloney* cases were 18 U.S.C. §§ 3621(b) and 3625. Accordingly, the *Iacaboni* and *Maloney* opinions, as impressive as they are, do not help in ruling on Kennedy's petition.
>
> The controlling statute in Kennedy's case, 18 U.S.C. § 3624(c), provides in relevant part:
>
>> (C) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.
>
> According to Kennedy's petition, he was originally informed that his date of release to the Coolidge House would be March 27, 2003. This was a date six (6) months prior to his release date of September 2003, and presumably was set as Kennedy's halfway house date because it was six (6) months prior to his release date. It is apparent from the language of the statute, however, that to set the halfway house date six (6) months ahead of the release date in Kennedy's case was a mistake because it

exceeded the 10% maximum period of halfway house residence permitted under the statute, the language of which specifies that such halfway house residents should be in an amount "not to exceed 6 months, *of the last 10 per centum of the term to be served*." (18 U.S.C. § 3624(c)). (Emphasis added).

On the basis of the analysis above, I conclude that the revision of Kennedy's halfway house sentence was an appropriate correction of a mistake originally made in applying the controlling language of section 3624(c).

Since the decision in *Kennedy*, no less than three other judges of this court have concluded that the Bureau of Prison's change of policy in December of 2002 was entirely appropriate and legal. In *Rothberg v. Winn*, Civil Action No. 03-11308-RGS, Memorandum and Order on Respondent's Motion to Dismiss (D.Mass. October 10, 2003), Judge Stearns concluded, *inter alia*:

> Robin Rothberg, the petitioner, was sentenced by an Illinois district court to an eighteen month sentence, which he began serving on September 1, 2002. The Bureau of Prisons (BOP) calculated Rothberg's "good conduct" release date as December 19, 2003, and his full term release date as February 27, 2004. (The accuracy of these calculations is not in dispute). Shortly after commencing his sentence, Rothberg was informed by a BOP unit manager that consistent with then existing BOP policy he could expect to serve the last six months of his sentence in a community confinement center (CCC), or half-way house. However, following the issuance of a Department of Justice (DOJ) memorandum on December 13, 2002, criticizing the BOP's practices with respect to CCC placements generally, the BOP revised its CCC policy to conform to 18 U.S.C. § 3624(c), which authorizes the placement of a prisoner in a CCC setting only during the last 10 percent of his committed sentence (not to exceed six months). In Rothberg's case, the BOP calculated the 10 percent/six month transitional date as November 3, 2003.
>
> Rothberg argues that the change in BOP policy with respect to CCC placement violates the Ex Post Facto Clause, the Administrative Procedure Act, and his rights to due process. It is true, as Rothberg asserts, that a number of district courts have been critical of the DOJ memorandum and the resulting switch in BOP policy, and have found the change, in certain respects, to violate the law. See, e.g., *Iacaboni* v.

*United States*, 251 F. Supp. 2d 1015 (D. Mass. 2003) (Ponsor, J.). But as respondent points out, these cases address that aspect of the new policy that deals with CCC placement at the outset of a sentence (the principal target of DOJ's wrath). As Judge Lasker noted in a case virtually identical on its facts, the opinions critical of the new policy arose in this latter context and concerned the proper application of 18 U.S.C. §§ 3621 (b) and 3625, whereas the controlling statute in a case like Rothberg's is section 3624(c). *See Kennedy v. Winn*, 03-CV-10568 (D. Mass., July 9, 2003). I agree with Judge Lasker that the BOP's prior interpretation of section 3264(c) was a mistake, and that a constitutional violation cannot arise from the correction of an erroneous interpretation of an otherwise valid law.

Chief Judge Young and Judge Harrington of this court also followed suit in later cases. *Goldings v. Winn*, Civil Action No. 03-40161-WGY, Memorandum and Order (D.Mass. October 23, 2004); *Turano v. Winn*, Civil Action No. 03-40188-EFH, Order of Dismissal (D.Mass. January 7, 2004); *Messere v. Winn*, Civil Action No. 03-40279-EFH, Order of Dismissal (D.Mass. Feburary 10, 2004). As again observed by Chief Judge Young (*Goldings*, *supra*):

> The petitioner, Morris Goldings ("Goldings"), challenges a revised policy of the Bureau of Prisons ("BOP") delaying his eligibility for transfer to a Community Corrections Center ("CCC"). Goldings argues that the revised policy violates the Ex Post Facto Clause, denies his rights to due process, violates the Administrative Procedure Act, and presents an incorrect interpretation of 18 U.S.C. § 3621(b). In cases virtually identical in their facts, Judge Lasker and Judge Stearns of this district have rejected similar challenges raised by other petitioners subject to the BOP policy. *See Kennedy v. Winn*, 03CV-10568 (D. Mass 2003) (Lasker J.); *Rothberg v. Winn*, 03-CV11308-RGS (D. Mass 2003) (Stearns, J.). For the reasons stated by Judge Lasker and Judge Stearns - in particular, that the BOP's revised policy merely corrected an erroneous interpretation of 18 U.S.C. § 3624 (c) - this Court agrees that no constitutional or statutory violation has been shown. (Footnote omitted).

In reaching these conclusions, Judges Lasker, Stearns, Young, and Harrington, are consistent in their respective conclusions with holdings in other districts. *E.g.*, *Cohn*

*v. The Federal Bureau of Prisons*, 302 F.Supp.2d 267 (S.D.N.Y. 2004); *Adler v. Menifee*, 293 F.Supp.2d 363 (S.D.N.Y. 2003); *Benton v. Ashcroft*, 273 F.Supp.2d 1139 (S.D.Cal. 2003).

For all of these reasons, and particularly the sound and persuasive rational expressed by Judges Lasker, Stearns, Young, and Harrington, of this court, this court recommends[5] that the district judge allow the motion to dismiss (# 06) on the grounds that the petitioner fails to state a claim upon which relief may be granted. This court further recommends that petitioner's Motion for a Temporary Restraining Order and a Preliminary Injunction (# 13), filed July 27, 2004, by which petitioner seeks the same relief as he does in his petition for a writ of habeas corpus, albeit on an expedited basis, be denied for the same reasons.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific and written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating* v. *Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States* v. *Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States* v. *Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott* v. *Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also*, *Thomas* v. *Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).