UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KARAMJEET S. PAUL,                )
                                  )
        Petitioner                )
                                  )
vs.                               )    Civil Action No. 04-40037-RCL
                                  )
DAVID L. WINN, Warden             )
Federal Medical Center, Devens,   )
                                  )
        Respondent                )
                                  )

**PETITIONER'S MOTION FOR LEAVE TO
SUBMIT ADDITIONAL PAPER IN THE FORM OF THE CITATION OF A SUPPLEMETAL AUTHORITY
AND
REQUEST FOR IMMEDIATE RELIEF**

The Petitioner moves pursuant to Local Rule 7.1(b)(3) that this paper be submitted to the Court in the form of the citation of a Supplemental Authority which came into existence after the filing of Petition For Writ of Habeas Corpus; Petitioner's Motion To Treat Respondent's Motion To Dismiss, Asserting F.R.Civ.P. Rule 12(b)(6), As One For Summary Judgment And To Take The Petitioner's Opposition As A Claimant's Motion For Summary Judgment Under Rule 56(a); Petitioner's Opposition And Memorandum In Opposition To Government's Motion To Dismiss And To Memorandum In Support Of Government's Motion To Dismiss; Motion For A Temporary Restraining Order And A Preliminary Injunction, Due To Exigent Circumstances, To (i) Enjoin The Respondent From Continuing To Apply The 12/20/02 Policy, And (ii) Direct The Respondent To Apply The Pre-12/20/02 Policy And Practice To The Petitioner's CCC Placement; and Petitioner's Objections To The Magistrate's Report; all of them awaiting decision. (See, by analogy, Federal Rules of Appellate Procedure Rule 28(j)):

On September 3, 2004, the United States Court of Appeals for the First Circuit issued its opinions and judgment in Goldings v Winn,

-1-

___ F3d ___ (1st Cir. 2004), No. 03-2633. The pendency of the <u>Goldings</u> case was noted in the Petitioner's filings set forth above. The <u>Goldings</u> case is now the law of this Circuit and is fully applicable to the facts and law cited by both parties in this case (<u>Paul v Winn</u>).

Accordingly, upon authority of <u>Goldings</u>, the Petitioner respectfully requests that the Court enter Judgment for the Petitioner in the form attached hereto as "Attachment A."

The Petitioner respectfully requests the Court to grant him the relief in the form of this proposed judgment immediately because of the <u>exigent circumstances</u> outlined in the Motion For TRO. In support of his request for an immediate judgment and request for proposed procedures governing the execution of a favorable judgment, the Petitioner states:

1.  Time is of the essence as each day increases the irreparable harm suffered by the Petitioner and his family. The Petitioner has already lost over one month's CCC time that he was eligible for under the BOP's pre-December 2002 CCC-placement policy and practice. Unless granted by the Court and implemented by the BOP without delay, the relief may become moot.

2.  The Petitioner does not expect the Respondent to manipulate the process of CCC placement as applicable to the Petitioner and hopes that the Court's order will be executed in good faith. However, the Petitioner is aware of several cases in other BOP locations around the country where the benefit of court decisions (in relation to the same CCC policy) favorable to petitioners were greatly diminished and, in some cases, made moot through what appears to be the bureaucratic processes and tactics employed by the BOP. In addition, the Petitioner is aware of several cases at FMC Devens Camp, including his own, where in the name of "bedspace or budgetary constraints" the BOP has delayed CCC placements even under the 12/20/02 Policy.

The Petitioner believes such constraints are a result of the 12/20/02 Policy and its economic impact on halfway houses. Because of the time-sensitive nature of the relief being sought, any further delay because of the need to return to the Court to enforce the timely execution of the proposed judgment -- should it not be executed in good faith -- will greatly diminish and possibly moot the relief granted to the Petitioner. Therefore, respectfully, the Petitioner is proposing reasonable procedures, outlined in Attachment A, to govern the timely execution of this Judgment to protect interests of both parties.

Dated: September 13, 2004                            RESPECTFULLY SUBMITTED,

                                                     *[signature]*

                                                     KARAMJEET S. PAUL, Pro Se
                                                     38516-060    Unit I
                                                     Federal Medical Center, Devens
                                                     P.O. Box 879
                                                     Ayer, MA  01432

### CERTIFICATE OF SERVICE

I certify that the foregoing document, including Attachment A, was served upon Anton P. Giedt, Assistant United States Attorney, by my depositing a copy thereof in the internal mailing system at Federal Medical Center, Devens Camp, postage prepaid, addressed to the Office of the United States Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 13th day of September 2004.

I swear under the penalties of perjury that the foregoing is true on this 13th day of September 2004.

                                                     *[signature]*

                                                     KARAMJEET S. PAUL, Pro Se
                                                     38516-060    Unit I
                                                     Federal Medical Center, Devens
                                                     P.O. Box 879
                                                     Ayer, MA  01432

ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARAMJEET S. PAUL,        )<br>            Petitioner  )<br>                        )<br>vs.                      )<br>                        )<br>DAVID L. WINN, Warden     )<br>Federal Medical Center, Devens, )<br>            Respondent  )<br>                        ) | Civil Action No. 04-40037-RCL |

## PETITIONER'S PROPOSED JUDGMENT AND ORDER

Upon consideration of the Petition and related documents, including the Respondent's Memorandum and other supporting documents presented to the Court, it is ORDERED:

Judgment is entered granting Petitioner a writ of habeas corpus declaring:

1.      That the BOP's CCC-placement policy as stated in the Memorandum for Chief Executive Officers of the Federal Bureau of Prisons, dated December 20, 2002 and any practices in place to implement this policy shall not apply to the Petitioner Karamjeet S. Paul;

2.      That the Petitioner Karamjeet S. Paul shall be reviewed for a six-month transfer to a community corrections center solely on the basis of the placement practices of FMC Devens Camp in effect prior to December 2002; and

3.      That the BOP shall implement, without delay and without manipulation, its CCC decision as applicable to the Petitioner to enable the Petitioner to have the full benefit of this relief.

It is further ORDERED that the following procedures shall

ATTACHMENT A
(Contd.)

govern the execution of this Judgment:

(i)     The Respondent shall, within five days of the date of entry of this Judgment and Order, cause a review to be completed, in good faith and without manipulation, of the eligibility of Petitioner for transfer to the Hartford CT halfway house* without regard to the 12/20/02 Policy and solely in accordance with the practice in effect at FMC Devens prior to December 2002.

(ii)    If the review results in an immediate transfer of the Petitioner to the Hartford halfway house, the Respondent shall file an affidavit with the Court so stating within five calendar days of the review, provide a copy thereof to the Petitioner and implement his transfer no later than within five calendar days of the review.

(iii)   Issues of bedspace and budget constraints at the Hartford halfway house shall not constitute a circumstance justifying the further diminishment of the CCC-placement benefit to the Petitioner. If bedspace at the Hartford halfway house is not immediately available then the Petitioner shall be released to home confinement no later than five calendar days of the review as stated in (i).

(iv)    If the BOP concludes after the review that the Petitioner is not eligible for an immediate transfer to a CCC, the Respondent shall file an affidavit so stating and setting forth reasons therefor and attach any documents in support of such conclusion, within five calendar days of the review and provide a copy thereof to the Petitioner.

(v)     No further utilization of administrative remedies shall be

---

*The BOP has already designated the Hartford CT halfway house as the the CCC for the Petitioner.

-2-

**ATTACHMENT A**
(Contd.)

required of the Petitioner in this case.

(vi)     The Court shall retain jurisdiction of this case at least until the Petitioner transfers to the Hartford halfway house or home confinement.

So ORDERED.


Dated:

_____
Reginald C. Lindsay
United States District Judge