UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KARAMJEET S. PAUL,              )
                               )
            Petitioner         )
                               )
vs.                            )     Civil Action No. 04-40037-RCL
                               )
DAVID L. WINN, Warden          )
Federal Medical Center, Devens,)
                               )
            Respondent         )
                               )

### PETITIONER'S PARTIAL OBJECTION TO AND REQUEST TO CORRECT THE MAGISTRATE'S REFERENCE TO THE RELIEF REQUESTED

The Petitioner objects to and requests to correct the Magistrate Cohen's reference to the relief requested by the Petitioner (FN 3). Since the filing of his Petition (#01), the Petitioner has filed two motions, both of which have restated the relief requested. (Motion for TRO and Preliminary Injunction (#13) and Motion For Leave To Submit Additional Paper (#14)).

As requested in the Motion For Leave To Submit Additional Paper In The Form Of The Citation Of A Supplemental Authority And Request For Immediate Relief, the Petitioner is seeking:

1.      That the BOP's CCC-placement policy as stated in the Memorandum for Chief Executive Officers of the Federal Bureau of Prisons, dated December 20, 2002 and any practices in place to implement this policy shall not apply to the Petitioner Karamjeet S. Paul;

2.      That the Petitioner Karamjeet S. Paul shall be reviewed for a transfer to a community corrections center solely on the basis of the placement practices of FMC Devens Camp in effect prior to December 2002; and

3.      That the BOP shall implement, without delay and without manipulation, its CCC decision as applicable to the Petitioner to enable the Petitioner to have the full benefit of this relief.

-1-

To ensure a fair and good-faith implementation of this relief, the Petitioner has proposed a procedure to govern the execution of the anticipated Court Order.

In support of #1 and #2 above, the Petitioner states that the Court of Appeals has concluded that the BOP's 12/20/02 Policy is based on an erroneous interpretation of §3621(b). Therefore this policy should not apply to the Petitioner. In the absence of the 12/20/02 Policy, the BOP should apply the CCC-placement policy in effect prior to the 12/20/02 change in policy. Several district courts around the country, in declaring the 12/20/02 Policy invalid, have ordered the BOP to apply the pre-December 2002 policy in reviewing petitioner's CCC placement (See ATTACHMENT A).

Time is of the essence as each day increases the irreparable harm suffered by the Petitioner and his family. The Petitioner has already lost over 40 days of the 125 days of additional CCC time he was eligible for under the pre-December 2002 CCC-placement policy. Therefore, the Petitioner requests an immediate relief in the form sought in Motion For Leave To Submit Additional Paper (#5).

Dated: September 20, 2004                    RESPECTFULLY SUBMITTED,


                                             _____
                                             KARAMJEET S. PAUL, Pro Se
                                             38516-060  Unit I
                                             Federal Medical Center Devens
                                             P.O. Box 879
                                             Ayer, MA 01432

ATTACHMENT A

Synopsis of Pertinent Opinions/Orders

"BOP shall consider whether to transfer petitioner to community confinement under the policy in effect prior to OLC's December 12, 2002 memorandum ... SO ORDERED."
(Cato v Menifee, WL 227 25524 (Chin J.) (S.D.N.Y. Nov. 20, 2003) Slip opinion at 15)

"... it is ORDERED and DECREED that ... Plaintiff's reconsidered designation shall be made without consideration of the invalid policy, and instead shall be based entirely on pre-December 2002 criteria ... SO ORDERED ..."
(Hurt v Federal Bureau of Prisons, 5:03-cv-265-4 (DF)(M.D.Ga Aug. 29, 2003) Order)

"ORDER ... 2. That Plaintiff's Motion for Preliminary Injunction is GRANTED. 3. That Stephen DeWalt, the Warden of FCI Cumberland, shall act promptly and in good faith to consider Frederick Zeigler for placement in a Community Corrections Center consistent with the BOP policy and practice prior to December 20, 2002 ..."
(Zeigler v Ashcroft, Civil No. WMN-04-719 (D.Md. 2004) Order)

"[The Court] ... invokes its power under 28 USC §1651, the All Writs Act, to issue a writ in the nature of mandamus compelling Warden Menifee to act promptly and in good faith to reconsider petitioner for CCC placement consistent with the BOP policy in place prior to December 2002. The Court's authority to order respondent to correct its unlawful act without delay, and to reserve the right to grant a writ of habeas corpus if respondent fails to comply, is provided under Sections 2243 and 1361, and precedent for such an order is found in Billiteri, 541 F2d at 944 (2nd Cir. 1976). It is hereby ORDERED, therefore, that respondent reconsider petitioner for CCC placement, in good faith adherence to the policy and practice followed by the BOP prior to the December 2002 policy change, within 15 days of the issuance of this Order. SO ORDERED."
(Zucker v Menifee, 2004WL102779 (S.D.N.Y. Jan. 21, 2004) Slip opinion at 22)

---

CERTIFICATE OF SERVICE

        I certify that the foregoing document was served upon Anton P. Giedt, Assistant United States Attorney, by my depositing a copy thereof in the internal mailing system at Federal Medical Center, Devens Camp, postage prepaid, addressed to the Office of the United States Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 20th day of September 2004.
        I swear under the penalties of perjury that the foregoing is true on this 20th day of September 2004.

                                        iﾊﾞﾞﾑﾟﾘﾞ
                                        _____
                                        KARAMJEET S. PAUL, Pro Se