UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-40037-RCL

KARAMJEET S. PAUL

Petitioner

v.

DAVID L. WINN

Respondent

ORDER AND
AMENDED REPORT AND RECOMMENDATION

September 29, 2004

COHEN, M.J.

On July 29, 2004, this court entered a Report and Recommendation (# 14) recommending that the district judge to whom this case is assigned dismiss the petition for a writ of habeas corpus filed by the petitioner in this case. That report and recommendation was based on the rationale of a number of holdings by district judges in this district cautioning that the Memorandum of the Assistant Directors for the General Counsel and Chief Programs Division of the Bureau of Prisons, dated

December 20, 2002,[1] was not inconsistent with an appropriate construction of the provisions set forth in 18 U.S.C. § 3624(c).

Since the entry of that report and recommendation, the United States Court of Appeals for this Circuit weighed in on the controversy, and reached a differing conclusion. That Court, in *Goldings v. Winn*, _ F.3d _, 2004 WL 2005625 (1st Cir. September 3, 2004) held, *inter alia vis a vis* the appropriate interpretation of the provisions set forth in 18 U.S.C. § 3624(c) (*Id.* at * 5):[2]

> By its plain language, § 3624(c) provides that the BOP "shall take steps" to "assure" that prisoners serve a reasonable part of the last ten percent of their prison terms "under conditions that afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." This language imposes an affirmative obligation on the BOP to take steps to facilitate a smooth re-entry for prisoners into the outside world. It is true that this obligation is qualified. Section 3624(c) does not mandate placement in a CCC prior to release, and it requires the BOP to assure that a prisoner spends the last part of his sentence under pre-release conditions only if practicable. However, a qualified obligation differs from a grant of discretion. Under § 3624(c), the BOP must ensure placement under pre-release conditions except where no such placement is practicable. As the Tenth Circuit has explained, § 3624(c) operates as "a legislative directive focusing on the development of conditions to facilitate an inmate's adjustment to free society, whatever the institution of pre-release confinement." *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 470 (10th Cir.1992). The provision thus reflects Congress's intent to impose upon the agency a duty to prepare prisoners for reentry into the community, without tying the hands of administrators in deciding where prisoners are to be placed. The BOP is not free to disregard that duty. If it did so, judicial relief might be available. *See id.* at 649 (suggesting that although prisoner did not have an enforceable right under § 3624(c) to placement in a CCC, he might have had a valid cause of action based on the claim that his placement "constitute[d] a violation of a broader obligation to provide at least some pre-release treatment conducive to successful re-entry into the community, whatever the facility of

---

[1] That Memorandum, in turn, was based on a memorandum to the same effect issued by the Office of Legal Counsel of the United States Department of Justice on December 13, 2002, and adopted by the Deputy Attorney General on December 16, 2002.

[2] For the benefit of petitioner, who appears *pro se*, a copy of that opinion is appended hereto as Exhibit A.

incarceration").

At the same time, we agree with the Tenth Circuit that § 3624(c)'s mandate "to facilitate the prisoner's post-release adjustment through the establishment of some unspecified pre-release conditions ... accepts as a premise that the broader statutory scheme concerning the Bureau's general placement authority remains intact and effective." *Id.* at 469-70. Thus, while § 3624(c) clearly limits the BOP's discretion not to consider community confinement or other pre-release alternatives at the end of a prisoner's prison term, it does not prohibit the BOP from doing so earlier pursuant to a different grant of discretionary authority. (Footnotes omitted).

And that Court further held *vis avis* the proper interpretation of 18 U.S.C. § 3621(b)(*Id.* at *7, *9):

As we have already noted, § 3624(c) limits the BOP's obligation to assure that a prisoner spends the last part of his sentence under pre-release conditions, whether in a CCC or elsewhere. It does not limit the agency's <u>discretionary</u> authority to place a prisoner in a CCC at any other time during the prisoner's sentence.

\*   \*   \*   \*   \*

We end our consideration of the defendants' arguments here. Under § 3621(b), the BOP has <u>discretionary authority</u> to designate any available penal or correctional facility that meets minimum standards of health and habitability as the place of a prisoner's imprisonment, and to transfer a prisoner at any time to such a facility. A community correction center is a correctional facility and therefore may serve as a prisoner's place of imprisonment. (Emphasis added).

In view of the holding in *Goldings v. Winn*, __ F.3d __, 2004 WL 2005625 (1st Cir. September 3, 2004), a holding binding upon the inferior courts in the First Circuit, this court was then[3] (and now) of the view that, insofar as petitioner sought relief in the circumstances of this case, petitioner was and is entitled to consideration by the respondent of his request to be placed into a community confinement center under the provisions of 18 U.S.C. § 3621(b), without regard to the temporal restrictions set forth in

---

[3] Upon receipt of the opinion in *Goldings v. Winn*.

Section 3624(c), and without regard to the memoranda issued by the Office of Legal Counsel, the Deputy Attorney General, and the Assistant Directors for the General Counsel and Chief Programs Division of the Bureau of Prisons, issued December 13, 2002, December 16, 2002, and December 20, 2002, respectively. That is not to say that the respondent is <u>required</u> to place the petitioner is a community confinement center. Only that the respondent exercise his sound discretion, consistent with the legislative intent underlying Section 3621(b), in considering that request.

Because of that view, this court, on September 15, 2004, entered a Procedural Order (# 17) directing respondent to further brief the matter if respondent was of a different view from this court as to the scope and effect of the holding in *Goldings v. Winn*. In particular, that Procedural Order provided:

> Accordingly, to the extent that respondent contends that the revised relief suggested by this court above is in appropriate in light of the holding in in *Goldings v. Winn*, __ F.3d __, 2004 WL 2005625 (1st Cir. September 3, 2004), respondent shall file a memorandum of law on or before the close of business, Wednesday, September 22, 2004. <u>In the event that respondent does not file a memorandum of law, or in the event that respondent does file a memorandum of law which does not convince this court otherwise, this court will then enter an order vacating the Report and Recommendation entered by this court on July 29, 2004, and will enter a revised Report and Recommendation recommending the relief set forth above.</u> (Emphasis added).

On September 28, 2004, the attorney for the respondent advised this court by a filing (# 22) that respondent concurrent with this court's view of the holding in *Goldings v. Winn*, and that the respondent further concurred with the proposed relief set forth in that Procedural Order.[4]

---

[4] Although the Procedural Order previously entered directed a filing by September 22, 2004, that filing time was orally extended by this court until the time when the Solicitor General determined - before mandate issued in *Goldings* - whether the government would seek further review *en banc* in the *Goldings v. Winn* case. Counsel for the respondent was advised on September 27, 2004, that the Solicitor General had concluded not to seek

(continued...)

Accordingly, the Report and Recommendation (# 14) entered by this court on July 29, 2004, is hereby ordered vacated. This court now recommends,[5] consistent with the holding in and rationale set forth in *Goldings v. Winn*, *supra*, that the petition for a writ of habeas corpus be allowed to the extent that the respondent shall be ordered[6] to consider the request of the petitioner be placed into a community confinement center under the provisions of 18 U.S.C. § 3621(b), without regard to the temporal restrictions set forth in Section 3624(c), and without regard to the memoranda issued by the Office of Legal Counsel, the Deputy Attorney General, and the Assistant Directors for the General Counsel and Chief Programs Division of the Bureau of Prisons, issued

---

[4] (...continued)
further review, and counsel then promptly - *i.e.*, the very next day - responded to the Procedural Order previously entered by this court.

[5] The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific and written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating* v. *Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States* v. *Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States* v. *Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott* v. *Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also*, *Thomas* v. *Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).

[6] We recommend an order to this effect, although we are not entirely convinced that any formal order is required. In its filing (# 22) dated September 28, 2004, after the Solicitor General had declined to seek further review, the attorney for the government/respondent candidly represented:

> The Bureau of Prisons, through Respondent Warden Winn, is aware of Petitioner's status and will act promptly and in good faith to reconsider Petitioner for placement into a CCC, consistent with the BOP policy and practice of FMC Devens prior to the December 2002 policy change, which limited such placements to the last 10% of a sentence.

We have no reason whatsoever to gainsay the *bona fides* of the attorney for the government or of the respondent *vis a vis* this representation. After all, as petitioner observed in his original petition, the respondent did consider placements to a community confinement center prior to December 2002 notwithstanding the fact that a prisoner was not then serving his or her last 10% of a sentence. That policy changed only because of the December 2002 missives from the Department of Justice directing otherwise. Now that those interpretative missives have been determined to be erroneous by the *Goldings* court, the respondent says that he will revert to his policy which preceded those interpretative missives, and petitioner has given us absolutely no reason to believe otherwise.

December 13, 2002, December 16, 2002, and December 20, 2002, respectively.[7]

    This court so recommends.

                                      */s/ Lawrence P. Cohen*
                                  UNITED STATES MAGISTRATE JUDGE

---

[7] This court repeats here that which was said in the earlier Procedural Order, to wit:

    That is not to say that the respondent is required to place the petitioner is a community confinement center. Only that the respondent exercise his sound discretion, consistent with the legislative intent underlying Section 3621(b), in considering that request.

    Petitioner, in response to the earlier Procedural Order of this court, would sugar coat the holding in *Goldings v. Winn*. Petitioner, in effect, says that the Bureau of Prisons must revert to a prior procedure - *i.e.*, a procedure requiring such placement which was in place prior to December of 2002. This court does not read the *Goldings* Court as requiring that result. It could have said so were that the case. Instead, that Court held, the December 2002 memoranda notwithstanding, that the Bureau of Prisons did have the <u>discretionary</u> authority under 18 U.S.C. § 3621(b), to transfer a prisoner to a community confinement center at any time - nothing more, and nothing less. This court does not have the expertise, an expertise which is shared by the respondent, to determine whether petitioner is a suitable candidate for placement in a community confinement center at this time. That, by the nature and scheme of things, is a decision which must be left to the Bureau of Prisons, in general, and the respondent, in particular.